IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Marcus McCullough, | ) | C/A No. 6:24-cv-07247-TMC-KFM |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| United Parcel Service, Inc., | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion for judgment on the pleadings (doc. 24). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

## PROCEDURAL HISTORY

This case arises from a civil action filed by the plaintiff in the Greenville County Court of Common Pleas (Case Number 2024-CP-23-06483) (docs. 1; 1-1 at 5–9). On December 12, 2024, the defendant's notice of removal was filed in this court (doc. 1). The defendant's notice of removal asserts federal question jurisdiction (*id*.). On January 29, 2025, the defendant filed a motion for judgment on the pleadings (doc. 24). On January 30, 2025, the court issued an order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the motion (doc. 27). On February 19, 2025, the plaintiff responded to the defendant's motion (doc. 35), to which the defendant replied on February 26, 2025 (doc. 36). The plaintiff filed a sur-reply on March 10, 2025 (doc. 38). Thus, the defendant's motion for judgment on the pleadings is now ripe for review.

**ALLEGATIONS**

As noted above, the plaintiff filed a complaint against United Parcel Service, Inc. ("UPS") for unpaid wages in the Greenville County Court of Common Pleas on November 6, 2024 (doc. 1-1 at 5–9). The plaintiff alleges that UPS failed to pay him wages owed, which violates South Carolina law and the National Master United Parcel Service Agreement, a collective bargaining agreement (hereinafter the "CBAs") (*id*. at 6). The plaintiff contends that he worked as a feeder driver for UPS and was expected to work forty hours per week (*id*. at 7). The plaintiff contends that as of January 1st of each year, per the CBAs, he was entitled to six weeks of vacation (totaling 270 hours), five personal days (totaling forty hours), and five sick days (totaling forty hours) (*id*.). The plaintiff contends that after he was terminated from employment on September 13, 2023, UPS failed to pay him the following wages: 2023 vacation pay, accrued 2024 vacation pay, 2023 "option personal days", and 2023 sick days (*id*. at 6, 7). The plaintiff contends that the unpaid wages total $18,227.90 (*id*. at 7). The plaintiff contends that UPS's failure to pay the wages violated the CBAs and the South Carolina Wage Payment Act ("SCWPA") (*id*. at 7–8). The plaintiff also alleges a breach of contract based on the failure by UPS to comply with the CBAs (*id*. at 8). For relief, the plaintiff seeks money damages (*id*. at 8–9).

**APPLICABLE LAW AND ANALYSIS**

*Standard of Review*

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Rule 12(c) is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). "'The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint.'" *Williams v. Preiss-Wal Pat III, LLC*, 17 F.Supp.3d 528, 531 (D.S.C. 2014)

(quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  Rule 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (alterations added) (internal citation omitted).  "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  "'[D]etailed factual allegations'" are not required, but the plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (partially quoting *Twombly*, 550 U.S. at 555).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

Because both the plaintiff and UPS have submitted documents in addition to the pleadings, the undersigned will first address the documents under consideration in evaluation of the motion for judgment on the pleadings filed by UPS.  The undersigned will then address the specific arguments proffered by UPS for dismissal.

*Documents Under Consideration*

As noted, the undersigned will first address which documents are properly under consideration in evaluating UPS's motion for judgment on the pleadings.  On a motion to dismiss, a court is "generally limited to a review of the allegations of the complaint itself."

3

*Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (internal citation omitted). The court may also consider documents attached or incorporated into the complaint. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). The court may consider such a document, even if it is not attached to the complaint, if the document "'was integral to and explicitly relied on in the complaint'" and there is no authenticity challenge. *Id*. (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)); *see Pendleton v. Jividen*, 96 F.4th 652, 656 (4th Cir. 2024) (recognizing that documents can be incorporated into the complaint by reference) (internal citation and quotation marks omitted); *Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) ("In evaluating a motion to dismiss under Rule 12(b)(6), the Court . . . may also consider documents attached to . . . the motion to dismiss, so long as they are integral to the complaint and authentic." (internal citation and quotation marks omitted)). Additionally, for purposes of a motion for judgment on the pleadings, documents attached to the answer may only be evaluated if the documents are central to the plaintiff's claims and the authenticity is not challenged. *Mendenhall v. Hanesbrands, Inc.*, 856 F.Supp.2d 717, 726–27 (M.D.N.C. 2012) (citations omitted).

Here, the documents attached by the parties are: two CBAs[1] that were attached to the answer (and repeated as attachments to the motion for judgment on the pleadings) filed by UPS (*see* docs. 9-1; 9-2; 24-2; 24-3); a complaint with the South Carolina Department of Labor, Licensing, and Regulation ("SCLLR") that was attached to the answer filed by UPS (doc. 24-4); payroll receipts from payments made to the plaintiff after his termination from employment submitted by the plaintiff (doc. 35-1); letters from SCLLR

---

[1] As noted by UPS (and uncontested by the plaintiff), there are two CBAs applicable to the plaintiff's employment with UPS, with the CBAs applicable to different time periods (*see* docs. 9-1; 9-2; 24-2; 24-3). The CBAs will be referred to collectively as the applicable provisions under review for purposes of this report and recommendation are substantially similar and do not require independent consideration/evaluation.

4

submitted by the plaintiff (doc. 35-2); and communications between the plaintiff and UPS submitted by the plaintiff (doc. 35-3). UPS argues that the CBAs can be considered because they are integral to the plaintiff's claims that UPS owes him unpaid wages (doc. 24-1 at 2–3). The plaintiff has not challenged the documents proffered by UPS, and the CBAs are referenced in the plaintiff's complaint (*see* doc. 1-1 at 6, 7, 8 (referencing the National Master UPS Agreement, referred to herein as the CBAs)). As such, the undersigned finds that the CBAs are properly before this court for consideration as part of UPS's motion for judgment on the pleadings.

With respect to the documents from SCLLR submitted by the plaintiff and UPS, the undersigned also finds them appropriate for consideration. UPS argues that a complaint filed with SCLLR (attached to its motion) can be considered as part of this motion because it is a public record and the court can take judicial notice of the SCLLR complaint (doc. 24-1 at 9–10). UPS also argues, however, that two SCLLR letters included by the plaintiff in his motion response (which adjudicated the SCLLR complaint referenced by UPS) should not be considered (doc. 36 at 9–10). Courts "may properly take judicial notice of matters of public record" and evaluate them in adjudicating a Rule 12 motion. *See Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Here, as noted by UPS, complaints with SCLLR are public documents filed with a public entity, and neither party has argued that any documents submitted in response to an SCLLR complaint are not considered as public documents. Further, although UPS argues that SCLLR documents submitted by the plaintiff are improper, it did not challenge their authenticity or the ability of the court to take judicial notice of said documents. Accordingly, SCLLR documents filed by both UPS and the plaintiff will be considered in evaluating UPS's motion for judgment on the pleadings.

The other documents attached by the plaintiff in his response to the motion filed by UPS are payroll receipts from payments made to the plaintiff (doc. 35-1) and

5

communications between UPS and the plaintiff (doc. 35-3).  UPS has not challenged the authenticity of these documents, but argues that these documents were not referenced by the complaint for purposes of incorporating them for review at this stage of the litigation (doc. 36 at 9–10).  The plaintiff has not specifically addressed UPS's argument that the documents are improper for consideration at this stage, but does assert that the documents were his evidence of "good faith" efforts he made to resolve this matter with UPS (*see* doc. 38).  However, unlike the CBAs, these documents submitted by the plaintiff were not specifically referenced or incorporated into the complaint and appear to be documents provided instead as proof of the merits of his claims – not as part of the basis for his claims (*see* docs. 35-1; 35-3).  Accordingly, these two documents will not be considered by the undersigned in evaluating UPS's motion for judgment on the pleadings.

***Preemption of the Plaintiff's Claims***

Having determined the appropriate documents under review for purposes of the motion for judgment on the pleadings, the undersigned will now address UPS's specific arguments for dismissal, beginning with preemption. Section 301 of the LMRA was enacted to ensure that federal labor law doctrines would uniformly prevail over inconsistent state law when lawsuits involved a violation of contracts between an employer and a labor organization representing employees. *See Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 772 (4th Cir. 1998) (internal citations omitted).  A state law claim is preempted when resolution of the claim requires the interpretation of a CBA or is intertwined with consideration of the terms of the CBA.  *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985). However, just having to consult a CBA "in the course of state-law litigation" does not require preemption. *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994) (citing *Lingle*, 486 U.S. at 413 n.12). Instead, preemption "merely insures that federal law will be the basis for interpreting collective-bargaining agreements and says nothing about the substantive rights a State may

6

provide to workers when adjudication of those rights does not depend upon interpretation of such agreements." *Lingle*, 486 U.S. at 409.

Here, as noted, UPS argues that the plaintiff's claims for breach of contract and violation of the SCWPA are preempted under § 301 of the LMRA because resolution of the claims requires interpretation of and is inextricably intertwined with the CBAs (doc. 24-1 at 5–8, 11–15). The plaintiff argues that there are factual disputes that prevent dismissal at this stage of the litigation and that his SCWPA claim is not preempted because SCLLR gave UPS two citations for violations of South Carolina labor laws (docs. 35; 38). The plaintiff also argues that the SCWPA provides him with independent statutory rights under South Carolina law independent of the CBAs (docs. 35; 38). The undersigned agrees with UPS that the plaintiff's claims are preempted by the LMRA.

As noted, the plaintiff's claims are (1) violation of the SCWPA because UPS failed to pay him his wages and vacation leave, personal leave, and sick pay; and (2) breach of contract for failing to follow the CBAs and pay the plaintiff all money owed (doc. 1-1 at 8). For these causes of action, the plaintiff seeks damages from UPS based on the failure by UPS to pay certain benefits to the plaintiff within the time specified by the CBAs (or by the SCWPA) – including regular and/or overtime wages, vacation pay, personal pay, and sick pay (doc. 1-1 at 8). As an initial matter, the plaintiff's breach of contract claim – based on violations of the CBAs – is preempted by § 301 of the LMRA. The plaintiff provides no argument that evaluation of his breach of contract claim would not require interpretation of the CBAs; thus, the undersigned will address in more detail his arguments regarding the SCWPA claim.

The plaintiff argues that his SCWPA claim is not preempted because it provides him with independent rights (outside of the CBAs) for which he can seek damages (*see* doc. 35 at 5). However, as noted by UPS, the SCWPA requires that an employer pay all wages due to an employee within a specified amount of time, but defines wages (in

7

relevant part) as amounts due under an employment contract, such as the CBAs in this case. *See* S.C. Code §§ 41-10-10, *et seq.*. Further, as recognized by UPS, because the SCWPA relies (relevant herein) on employee contracts (the CBAs in this case), the claim necessarily requires interpretation of and is intertwined with the CBAs, requiring preemption. *Lingle*, 486 U.S. at 405–06. Additionally, the United States Court of Appeals for the Fourth Circuit has previously held that SCWPA claims are preempted in a situation similar to the plaintiff's herein – where employees challenged their employers' interpretation of terms in a CBA. *See Barton v. House of Raeford Farms, Inc.*, 745 F.3d 95, 106 (4th Cir. 2014) (noting SCWPA claims were preempted because they required analysis of a CBA between employer and union); *Lucas v. United Parcel Serv., Inc.*, C/A No. 3:21-cv-002328-SAL, 2022 WL 4533787, at *8–9 (D.S.C. Spt. 2, 2022) (finding claims under SCWPA preempted because a CBA between employer and union governed the terms of the employees' compensation), *appeal dismissed*. Indeed, here, to calculate the amount owed to the plaintiff for purposes of his SCWPA claim requires evaluating several sections of the CBAs to determine the plaintiff's seniority, what benefits/accrued time he was entitled to, and the rate for each type of payout owed (i.e., the rate owed for each vacation day, sick day, etc.). Nevertheless, the plaintiff, relying on *Livadas*, argues that the SCWPA claim is not preempted because interpretation of the CBAs is not required to evaluate his SCWPA claim (doc. 35 at 5 (citing *Livadas*, 512 U.S. at 124–25)). However, the plaintiff's claim in this matter is distinguishable from *Livadas*. In *Livadas*, the United States Supreme Court found no preemption, noting, "Beyond the simple need to refer to bargained-for wage rates in computing the penalty, the [CBA was] irrelevant to the dispute," because the claim at issue "was a question of state law, entirely independent of any understanding embodied in the [CBA]". *Livadas*, 512 U.S. at 124–25. Here, however, the plaintiff's claim under the SCWPA requires the evaluation of several interrelated portions of the CBAs. For example, for just one portion of the plaintiff's claim – that he was not paid properly for his accrued

8

vacation time – the CBAs would have to be evaluated regarding the plaintiff's seniority level, what vacation time the plaintiff was eligible to have paid to him, the amount of vacation time the plaintiff accrued (in both days and hours as the plaintiff contends that one week of vacation equaled forty-five hours (doc. 1-1 at 7)), when the vacation time is considered accrued (to determine how much the plaintiff had accrued as of his termination from employment), and the pay rate per hour/day of vacation time owed to the plaintiff (*see* docs. 9-1; 9-2). Indeed, just one section of the CBAs that would have to be evaluated, Article 55 Vacations, spans several pages and contains detailed instructions on the accrual of vacation time for UPS employees depending on seniority and other factors (such as compensation rates for vacation time, which are controlled by separate provisions of the CBAs) (*see* docs. 9-1 at 265–71; 9-2 at 242–48). Accordingly, the plaintiff's claim, involving detailed calculations spanning various interrelated sections of the CBAs, is very different than the one evaluated in *Livadas*, where it only had to be consulted to obtain one figure.

Liberally construed, the plaintiff also argues that he had independent rights under the SCWPA, relying on *Perez v. Mountaire Farms, Inc.*, because SCLLR issued two citations to UPS for violating portions of the SCWPA (doc. 35 at 4 (citing *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 373 (4th Cir. 2011)). However, *Perez* involved labor claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, unlike the claims at issue in the instant matter, which are related to § 301 of the LMRA. *Perez*, 650 F.3d at 363. Further, *Perez* did not evaluate the issue of preemption or, as the plaintiff argues, hold that dismissal of a case was inappropriate based on "government agency findings"; thus, *Perez* is not applicable to whether the plaintiff's claims in the instant matter are preempted. Further, this court has previously ruled that the SCWPA does not create an independent right to wages; instead, it creates a right to be paid wages due *based on an employment contract* – meaning the contract (or CBAs in this case), not the statute, is the source of the right to wages. *See Anselmo v. W. Paces Hotel Grp., LLC*, C/A No. 9:09-cv-02466-MBS,

9

2011 WL 1049195, at *10 (D.S.C. Mar. 18, 2011) (examining federal and state cases and concluding that the SCWPA did not provide an independent right to wages because the right is based on an employment contract (not the statute)). As such, based on the foregoing, the undersigned finds that both the breach of contract and SCWPA claims are preempted under § 301 of the LMRA.

***Timeliness of LMRA Claims***

Because the undersigned finds that the plaintiff's claims are preempted by § 301 of the LMRA, it is appropriate to address UPS's request that the instant matter be dismissed as time-barred because the preempted claims were not filed within the six-month statue of limitations ("SOL") for such claims (doc. 24-1 at 9–11). The plaintiff argues that the six-month SOL only applies to hybrid LMRA claims against an employer and union (and the plaintiff's claims here are solely against his employer), that the South Carolina state law three-year SOL for breach of contract claims should be applied to his claims, and that he is entitled to equitable tolling (docs. 35; 38). First, to the extent the plaintiff argues that the South Carolina SOL should apply to his claims, the undersigned finds his argument unavailing because the claims are preempted by the LMRA, meaning the LMRA (not state law) provides the applicable statute of limitations. *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 158 (1983) (applying a six-month SOL to LMRA hybrid § 301 and fair representation claims); *see also Foy v. Giant Food, Inc.*, 298 F.3d 284, 291 (4th Cir. 2002) (applying the six-month SOL period to LMRA § 301 claim, even though it was not a hybrid case); *Moogalian v. Honeywell Int'l, Inc.*, C/A No. 3:13-cv-00706, 2014 WL 1404564, at *3 (E.D. Va. Apr. 10, 2014) (same), *aff'd* 580 F. App'x 200 (4th Cir. 2014). Further, although the plaintiff argues that the six-month SOL under the LMRA only applies to hybrid claims, citing *Vaca v. Stipes*, *Vaca* did not address the applicable SOL for LMRA claims, instead evaluating claims of improper representation brought against a union (which have not been raised in this action). *See Vaca v. Stipes*, 386 U.S. 171 (1967). As such, because

the plaintiff's claims are preempted by § 301 of the LMRA, the applicable SOL for the plaintiff's claims in the instant action is six months.

Accrual of a cause of action is a question of federal law. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (*en banc*) (citation omitted). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id*. (citing *United States v. Kubrick*, 444 U.S. 111, 122–24 (1979)). In LMRA cases, the SOL has been held to begin to run "when the plaintiff could first successfully maintain a suit based on that cause of action or when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *DelCostello v. Int'l Brotherhood of Teamsters, Chauffeurs & Warehousemen & Helpers of Am.*, 588 F.Supp. 902, 908 (D. Md. 1984) (internal citations omitted). Here, UPS argues that the plaintiff became aware of the claims raised herein within one business day of his termination from employment, September 13, 2023 (when he was not paid all of the money owed under the CBAs), or at the very least by January 17, 2024, when the plaintiff filed a complaint with SCLLR (as judicially noticed above) (doc. 24-1 at 9–10). The plaintiff himself appears to concede that he was aware of a potential claim as of at least February 6, 2024, when the union informed him that it failed to recover the wages he contends were owed to him (doc. 35 at 4). The instant action was filed on November 6, 2024, in the Greenville County Court of Common Pleas (doc. 1-1 at 5–9). As such, even construing the accrual date in the plaintiff's favor and utilizing an accrual date of February 6, 2024, the instant matter is still time-barred because it was filed more than six months after February 6, 2024. Appearing to recognize this, the plaintiff also argues that he is entitled to equitable tolling of the SOL because UPS failed to provide accurate records to assist him in adjudicating his claims (doc. 35 at 6–7). In support of his argument for equitable tolling, the plaintiff references a United States Supreme Court case, *Holland v. Florida* (*id*. at 6 (citing *Holland v. Fla.*, 560 U.S. 631,

11

645 (2010)). However, the Supreme Court in *Holland* evaluated equitable tolling based on the SOL provided for habeas corpus petitions, not employment statutes as relied on herein. *Holland*, 560 U.S. at 653–54. Nevertheless, the undersigned will address the plaintiff's assertion that equitable tolling should be applied to his otherwise time-barred claims.

Equitable tolling is an exacting standard and applies when (1) a defendant wrongfully prevents a plaintiff from asserting his claims; or (2) extraordinary circumstances beyond the plaintiff's control prevented him from filing on time. *Ott v. Md. Dep't of Pub. Safety and Corr. Servs.*, 909 F.3d 655, 660–61 (4th Cir. 2018) (internal citations omitted). Equitable tolling, however, is reserved for "rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 661 (internal citation and quotation marks omitted). Here, the plaintiff argues that equitable tolling should apply because he was provided inconsistent payroll records by UPS, his complaint with the SCLLR tolled the SOL, and his "good faith" efforts to avoid litigation warrant equitable tolling (*see* docs. 35 at 6–7; 38 at 2–3). The undersigned finds that the plaintiff has not met the high bar needed for equitable tolling of the SOL in this matter. First, ignorance of the law, misconception, or mistake does not constitute an extraordinary circumstance to justify equitable tolling. *See Ott*, 909 F.3d at 661. Additionally, the plaintiff's bare assertion that UPS provided inconsistent or incorrect payroll records/documentation to him (docs. 35 at 6; 38 at 2–3) does not amount to UPS preventing the plaintiff from pursuing his claims and appears to instead indicate that the plaintiff was on notice that claims had accrued. Further, the plaintiff's attempts to settle this matter pre-suit, while commendable, similarly do not justify the exercise of equitable tolling because a party's "misconception about the operation of the [SOL] is neither extraordinary nor a circumstance external to [the plaintiff's] control." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Similarly, "[i]gnorance of the law does not justify tolling, even when a party does not have legal representation". *Ott*, 909 F.3d

12

at 661. As such, the plaintiff has not met the high bar for equitable tolling in this matter. Accordingly, UPS's motion for judgment on the pleadings should be granted because the plaintiff's claims are preempted and therefore are time-barred. Additionally, because the plaintiff's LMRA claims are time-barred, the dismissal of the plaintiff's claims should be with prejudice.[2]

## CONCLUSION AND RECOMMENDATION

Now, therefore, based upon the foregoing,

IT IS HEREBY RECOMMENDED that the defendant's motion for judgment on the pleadings (doc. 24) be granted and the instant action be dismissed with prejudice.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

June 4, 2025
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the next page.*

---

[2] Because the undersigned recommends dismissal of the plaintiff's claims as time-barred, the undersigned will not address UPS's argument that the instant matter should be dismissed because the plaintiff failed to exhaust his remedies under the CBAs.

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).