IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Marcus McCullough, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:24-cv-7247-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| United Parcel Service, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Pro se* Plaintiff Marcus McCullough filed this action against Defendant United Parcel Service, Inc. for breach of contract and "Violation of South Carolina Labor Laws." (ECF No. 1-1). After removing the case to this court,[1] Defendant filed a motion for judgment on the pleadings. (ECF No. 24). The magistrate judge[2] issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), (ECF No. 27), and the motion was fully briefed, (ECF Nos. 35, 36, 38).

Now pending before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the district court grant Defendant's motion for judgment on the pleadings and dismiss this action with prejudice. (ECF No. 40). The magistrate judge advised Plaintiff of his right to file objections to the Report. *Id*. at 14. The Clerk's Office mailed the Report to Plaintiff's last known address. (ECF No. 41). The Report was not returned to the court as undeliverable; therefore, Plaintiff is presumed to have received it. Nevertheless, Plaintiff has failed to file objections to the Report, and the time to do so has passed.

---

[1] Defendant removed the case on the basis that this court has federal question jurisdiction. (ECF No. 1 at 1).

[2] The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.).

1

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district

court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

## CONCLUSION

Having reviewed the Report under the appropriate standard, the court agrees with and **ADOPTS** the magistrate judge's recommendation in the Report, (ECF No. 40), and **GRANTS** Defendant's motion for judgment on the pleadings, (ECF No. 24). Accordingly, this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                                  s/Timothy M. Cain
                                                  Chief United States District Judge

June 24, 2025
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.